UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| Erika Buchanan,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>Hunter Warfield, Inc.,<br><br>　　　　　　　Defendant. | Civil Action No.: 4:17-cv-1028<br><br><br>**COMPLAINT** |

For this Complaint, Plaintiff, Erika Buchanan, by undersigned counsel, states as follows:

## JURISDICTION

1.　　This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2.　　Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3.　　Plaintiff, Erika Buchanan ("Plaintiff"), is an adult individual residing in Grapevine, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4.　　Defendant, Hunter Warfield, Inc. ("Hunter"), is a Maryland business entity with an address of 96931 Arlington Road, Suite 400, Bethesda, Maryland 20814, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A.  **The Debt**

5. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

6. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7. The Debt was purchased, assigned or transferred to Hunter for collection, or Hunter was employed by the Creditor to collect the Debt.

8. Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B.  **Hunter Engages in Harassment and Abusive Tactics**

9. In or around May 2017, Plaintiff spoke with Hunter in an effort to discuss repayment options.

10. Hunter refused to provide Plaintiff with repayment options unless she provided her supervisor's direct telephone line and well as a telephone number for one of her relatives.

11. In addition, on or about June 1, 2017 Hunter called Plaintiff's roommate and disclosed that Plaintiff owed the Debt.

12. This disclosure caused Plaintiff to suffer a great deal of stress and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

13. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

2

14. Defendant's conduct violated 15 U.S.C. § 1692c(b) in that Defendant communicated with Plaintiff's roommate regarding the Debt.

15. Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

16. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect the Debt.

17. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

18. Plaintiff is entitled to damages as a result of Defendant's violations.

**COUNT II**
**VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT**
**TEX. FIN. CODE ANN. § 392, et al.**

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

21. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

22. Plaintiff is entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) and (2) and to remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

5. Actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

6. Punitive damages; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 27, 2017

Respectfully submitted,

By */s/ Jenny DeFrancisco*

Jenny DeFrancisco, Esq.
CT Bar # 432383
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
E-mail: jdefrancisco@lemberglaw.com
Attorneys for Plaintiff